**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAHNAIRA TAVAREZ,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION NO. 3:26-cv-1259** |
| **v.** | : | **(JUDGE MANNION)** |
| **THOMAS G. WILSON and LYFT, INC.,** | : | |
| **Defendants.** | : | |

# MEMORANDUM

Pending before the Court is Defendant Thomas G. Wilson's ("Wilson") "12(b)(6) motion to dismiss the amended complaint." (**Doc. 18**). For the reasons set forth herein, the motion will be **DENIED.**

## I. BACKGROUND

The underlying cause of action originates from a motor vehicle collision occurring in Wilkes-Barre, Pennsylvania. (Doc. 7, ¶14). On or about May 25, 2024, Jahnaira Tavarez ("Plaintiff") was visiting Wilkes-Barre, Pennsylvania for her brother's wedding. *Id.*, ¶15. Plaintiff became a passenger in a motor vehicle operated by Lyft driver Wilson. *Id.*, ¶16. During the Lyft ride, Wilson collided with a second motor vehicle, which was parked. *Id.* Plaintiff alleges that Wilson's collision caused her to suffer serious and permanent physical and emotional injuries. *Id.*, ¶17. Plaintiff's complaint alleges two counts:

(1) negligence on the part of Wilson, and (2) negligent hiring and retention on the part of Lyft. *Id.* at 6-8.

Plaintiff filed her first complaint on May 11, 2026. (Doc. 1). The original complaint alleges that a Clarence H. Price ("Price") was the driver during the alleged collision. *Id.* When Price was served with the complaint on May 26, 2026, his counsel informed Plaintiff's counsel that he had never driven for Lyft. (Doc. 7, ¶6). Upon receipt of the initial disclosures by Defendant Lyft ("Lyft"), the correct driver, Wilson, was identified. *Id.*, ¶7. On July 22, 2026, Wilson was named in Plaintiff's amended complaint. (Doc. 7).

The amended complaint alleges that the claim against Wilson arises out of the same incident, conduct, transaction or occurrence as the original complaint, and that the only difference between the first and second complaint is the name of the driver. *Id.*, ¶9. According to Plaintiff, Wilson received notice of the lawsuit within the original ninety-day service period from the date of the filing of the original complaint, which lapsed on August 9, 2026. *Id.*, ¶10.

On September 21, 2026, Wilson filed the instant motion to dismiss and corresponding brief in support. (Doc. 18). On September 25, 2026, Plaintiff filed a brief in opposition. (Doc. 19). Wilson did not file a reply brief. Thus, this matter is ripe for disposition.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). This standard "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint that contains only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" does not comply with Rule 8. *Id.*

A defendant may move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). The moving party bears the burden of showing that no claim has been stated, and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that

discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.*

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Facial plausibility is achieved "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility does not require probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "merely consistent with" liability do not satisfy this standard. *Id.*

As noted above, the Court at this stage accepts the complaint's factual allegations as true. This tenet "is inapplicable to legal conclusions." *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The federal pleading standard just described requires that district courts "conduct a two-part analysis:"

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true but may disregard any legal

> conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to show such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009).

In considering a motion to dismiss, the Court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The Court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the Court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250,1261 (3d Cir. 1994).

Finally, when possible, the Court should grant leave to amend a pleading before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

## III. DISCUSSION

Wilson's motion hinges on a single issue: whether the amended complaint is barred by the relative statute of limitations, or whether the "relation back" doctrine applies.

Specifically, Wilson argues that the amended complaint against him should be dismissed because it is barred by the two-year statute of limitations. (Doc. 18 at 9). Wilson states:

> An amendment of the complaint after the statute of limitations has run to bring in a new and distinct party to the action cannot be permitted. Defendant Wilson did not have reason to know that Plaintiff intended to bring this action against him rather than Defendant Price. The Amended Complaint does not establish the notice or knowledge required for relation back

> under Rule 15(c)(1)(C). Therefore, the Court should dismiss the claims against Defendant Wilson with prejudice.

*Id.* at 7.

Pennsylvania requires personal injury and negligence actions to commence within two years. 42 Pa.C.S. §5524. However, under Rule 15(c), "relation[ ]back . . . allows a court to treat a later-filed amended pleading as if it had been filed at the time of the initial pleading." *S.E. Pa. Transp. Auth. v. Orrstown Fin. Servs. Inc.*, 12 F.4th 337, 344 (3d Cir. 2021). The doctrine states:

> (1) *When an Amendment Relates Back.* An amendment to a pleading relates back to the date of the original pleading when:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m)[1] for serving the summons and complaint, the party to be brought in by amendment:

---

[1] Rule 4(m) states that "[i]f a defendant is not served within [ninety] days after the complaint is filed, the court—on motion or on its own after

*(footnote continued on next page)*

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed.R.Civ.P. 15(c)(1).

As a cursory matter, Pennsylvania law acknowledges and permits the application of the relation back doctrine. 231 Pa. Code R. 1033. Relation back is permitted "when an amendment to a pleading 'changes the party or the naming of the party against whom a claim is asserted.'" *Moore v. Walton*, 96 F.4th 616, 623 (3d Cir. 2024) (quoting Fed.R.Civ.P. 15(c)(1)(C)). Substituting an individual for a John/Jane Doe defendant "amounts to 'changing a party' within the meaning of Rule 15(c), and thus will only relate back if all three conditions specified in the Rule have been satisfied." *Vaughn v. Primecare Medical Inc.*, No. 1:25-CV-797, 2026 WL 2151818, at *3 (M.D.Pa. July 27, 2026) (quoting *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174 (3d Cir. 1977)).

---

notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed.R.Civ.P. 4(m).

Stated more clearly, under Rule 15(c)(1)(C):

> A plaintiff may add defendants or change the name of a party against whom claims are asserted *only if*:
>
> (1) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; . . .
>
> (2) within the ninety-day time period for serving a defendant after a complaint is filed provided by Rule 4(m), the party to be brought in by amendment received such notice of the action that it will not be prejudiced in defending on the merits[; and
>
> 3. within the ninety-day period, the party to be brought in] knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

*Rondi Shuey v. Geisinger Health System*, No. 4:23-CV-1400, 2026 WL 3001438, at *5 (M.D. Pa. Oct. 6, 2026) (quoting *Rivera v. New Castle Cnty. Police Dep't*, 152 F.4th 147, 151 (3d Cir. 2025) (internal citations omitted) (emphasis added)). Here, the action was filed on May 11, 2026. (Doc. 1). Thus, the ninety-day period for serving the defendants lapsed on August 9, 2026. *See* Fed.R.Civ.P. 4(m).

First, since Plaintiff seeks "only to change the defendant against whom [her] claim is asserted, the first condition of Rule 15(c) is clearly satisfied."

*Slack v. Treadway Inn of Lake Harmony, Inc.*, 388 F.Supp.15, 18 (M.D.Pa. 1974).

Turning to the second requirement, for notice to be effective under Rule 15(c), it "need not be formal" so long as it is "effective in removing prejudice to defendant from [the] inclusion of the untimely claim." *Gonzalez-Marcano v. U.S. Airways Group, Inc.*, No. 13-CV-3714, 2014 WL 413932, at *5 (E.D. Pa. Jan. 31, 2014) (quoting *Adv. Power Sys., Inc. v. Hi-Tech Sys., Inc.*, 801 F. Supp. 1450, 1456 (E.D.Pa. 1992)). Plaintiff's amended complaint states:

> The new party, i.e., the correctly identified driver-defendant, Thomas G. Wilson, is receiving notice of this lawsuit within the original [ninety]-day service period, such that Defendant Wilson will not be prejudiced defending against Plaintiff's claims on the merits[.]

(Doc. 7, ¶10). Nonetheless, Wilson states that he did not receive notice of this action, as "the [a]mended [c]omplaint alleges no facts showing that [he] was served with, received, or otherwise learned of the *initial [c]omplaint* prior to the expiration of the statute." (Doc. 18 at 12) (emphasis added). However, the requirement is not that Wilson received notice of the "*initial complaint*," but rather, notice of the "the action" itself within the ninety-day time period provided by Rule 4(m). *Rondi Shuey*, 2026 WL 3001438, at *5. Wilson

effectively asks the Court to interpret the second requirement to mean that he was served with the first complaint as a proper defendant, but this interpretation defeats the purpose of the relation back doctrine.

Plaintiff avers that "Wilson had notice of the lawsuit within the [ninety]-day service period as a subcontractor of Lyft, as [Wilson] was actually served on August 7, 2026, prior to the expiration of the [ninety]-day service window." (Doc. 19 at 7). In support, Plaintiff attached an affidavit of service whereby Wilson was properly served. *See* (Doc. 19-1). Wilson could have, and did not, file a reply brief to contest the validity of Plaintiff's affidavit of service. Accordingly, the Court finds that Wilson received notice of the action within the ninety-day service window from which the suit was filed, given that he was personally served on August 7, 2026, prior to the August 9, 2026 service expiration date. *See, e.g., Rivera,* 152 F.4th at 152 (holding that the defendants had actual knowledge of the action, despite the plaintiff's mistake in failing to name them, because defense counsel entered their appearance within the ninety-day Rule 4(m) period).

The final inquiry turns on whether Wilson knew or should have known that but for Plaintiff's mistake concerning his identity, the action would nonetheless have been brought against him. *See Krupski v. Costa Crociere S.p.A.*, 130 S.Ct. 2485, 2492 (2010). "[The Rule] asks what the prospective

defendant knew or should have known during the Rule 4(m) period, not what the plaintiff knew or should have known at the time of filing [his or] her original complaint." *Id.* at 2493.

Wilson claims that he did not know nor have reason to know that Plaintiff intended to sue him because "the [a]mended [c]omplaint alleges no timely communication, service, shared representation, or other circumstance through which Wilson learned or should have learned that Plaintiff had mistaken Price for him[.]" (Doc. 18 at 13). However, this Court has already determined that Wilson received actual, timely notice of the suit because he, himself, was served with the amended complaint within the ninety-day period from which the suit was filed. Thus, Wilson knew that but for Plaintiff's mistake, the action would have been brought against him. *See Markhorst v. Rigid*, 480 F.Supp.2d. 813, 816 (E.D.Pa. 2007) (holding that a defendant receiving actual notice of the suit constitutes knowing that the suit should have been brought against them; stating, "[i]f [Defendant] actually received timely notice of [Plaintiff's] suit, it knew or should have known that suit should have been brought against it[.]).

Because Wilson had actual notice of the "institution of the action" within the ninety-day time period, the Court need not analyze whether he also had constructive notice. *See Garvin v. City of Philadelphia*, 354 F.3d 215, 222

(3d Cir. 2003) (standing for the proposition that absent actual notice of the suit within the prescribed period after its filing, a defendant may nonetheless have constructive notice of the suit such that relation back may apply).

## IV. CONCLUSION

For the reasons set forth herein, viewed in the light most favorable to Plaintiff and accepting all facts alleged in the amended complaint as true, the Court finds that the relation back doctrine applies. Accordingly, Wilson's motion to dismiss the complaint, (**Doc. 18**), will be **DENIED**. An appropriate order follows.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 11/4/26
23-1259-02